# NO. 12-09-00323-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JIMMIE LEE MIMS,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Jimmie Lee Mims appeals his conviction for sexual assault.   Appellant's counsel has filed a brief asserting compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969).   We dismiss the appeal.

## BACKGROUND

Appellant pleaded guilty to the offense of sexual assault. As charged, the offense was a second degree felony because the indictment alleged that Appellant penetrated the sexual organ of a child under the age of seventeen.[1]   The trial court admonished Appellant of his rights, and Appellant pleaded guilty without benefit of a plea agreement.   The trial court accepted Appellant's plea of guilty.

The trial court held a sentencing hearing on September 9, 2009.   Appellant presented the testimony of his sister at that hearing. The trial court considered that testimony, the presentence

---

[1] *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A), (f) (Vernon Supp. 2010).

investigation report, and the arguments of counsel before assessing a sentence of imprisonment for twenty years.   This appeal followed.


### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel has filed a brief in compliance with *Anders* and *Gainous*.   Counsel states that he has diligently reviewed the appellate record and that he is well acquainted with the facts of this case.   In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states that counsel is unable to present any arguable issues for appeal.[2]   *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; *see also Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988).   We have likewise reviewed the record for reversible error and have found none.


### CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw.   *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).   We are in agreement with Appellant's counsel that the appeal is wholly frivolous.   Accordingly, counsel's motion for leave to withdraw is hereby ***granted***, and we ***dismiss*** this appeal.   *See In re Schulman*, 252 S.W.3d at 408-09 ("After the completion of these four steps, the court of appeals will either agree that the appeal is wholly frivolous, grant the attorney's motion to withdraw, and dismiss the appeal, or it will determine that there may be plausible grounds for appeal.").

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35.   Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See In re Schulman*, 252 S.W.3d at 408 n.22.   Any petition for discretionary review must be filed within

---

[2] Counsel for Appellant has certified that he provided Appellant with a copy of this brief. Appellant was given time to file his own brief in this cause. The time for filing such a brief has expired, and we have received no pro se brief.

thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered January 31, 2011.
*Panel consisted of Worthen, C.J., Griffith, J, and Hoyle, J.*

(DO NOT PUBLISH)